STATE of Minnesota, Respondent,

v.

Joseph HOAGLAND, Appellant.

STATE of Minnesota, Respondent.

v.

Duane FERDIG, Appellant.

STATE of Minnesota, Respondent.

v.

Jon HOAGLAND, Appellant.

Nos. 48281, 48282 and 48283.

Supreme Court of Minnesota.

Sept. 15, 1978.

---

Dorsey, Windhorst, Hannaford, Whitney & Halladay and Roger Magnuson and Bruce J. Shnider, Minneapolis, for appellants.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., John H. Daniels, Jr., Sp. Asst. Atty. Gen., St. Paul, Helen Hill Blanz, County Atty., Grand Rapids, for respondent.

Heard before ROGOSHESKE, TODD, and GODFREY, JJ., and considered and decided by the court en banc.

OTIS H. GODFREY, Jr., Justice.*

This is a consolidated appeal taken by defendants Joseph Hoagland, Jon Hoagland, and Duane Ferdig, each of whom was convicted by a jury of obstructing legal process, in violation of Minn.St. 609.50. During trial the defendants admitted interfering with an investigation by state conservation officers of suspected game violations at the Hoagland farm, but contended they were entitled to do so because the proposed search was illegal. We affirm.

On the evening of October 15, 1976, a state conservation officer was parked out of sight on a gravel road near the Joseph Hoagland farm in rural Itasca County. He saw two vehicles, later identified as belonging to Jon Hoagland and Duane Ferdig, drive in the direction of the farm. Shortly thereafter the officer heard a shot fired from the Hoagland farm, saw a car turn into the farm road, and spotted a deer running away from the farm. As he was driving toward the farm, the officer saw two people in the field, walking toward the farm buildings.

The officer, who was in uniform, drove into the farmyard and then approached

* Acting as Justice of the Supreme Court by appointment pursuant to Minn.Const. art. 6, § 2, and Minn.St. 2.724, subd. 2.

Ferdig's pickup truck on foot and attempted to open the door. Defendant Ferdig told him to "get your hands off or I'll kill you." In the ensuing discussion, the officer explained to the defendants and several others present that he was investigating the gunshot and that he was entitled to enter on the Hoagland farm to carry out his duties. Joseph Hoagland ordered him off the premises unless he had a search warrant. The discussion became heated, so the game warden left to await the arrival of an assisting officer.

The two game wardens later walked into the same field where people had been seen earlier in order to determine if a deer had been shot. The taking of a deer at night is a gross misdemeanor under Minn.St. 97.55, subd. 9.

Almost immediately, two trucks drove out to the field from the farmyard at a high rate of speed. Another heated discussion ensued, during which the officers were threatened by defendants Jon Hoagland and Duane Ferdig, and Joseph Hoagland again ordered them off his land. When it became apparent that a further investigation was impossible without possible violence, the officers left the premises.

The officers in this case were acting under the authority of Minn.St. 97.50, subd. 2, which states:

"The commissioner, director, game refuge patrolmen, and conservation officers are hereby authorized and empowered to enter upon any lands within the state for the purpose of carrying out the duties and functions of the division, or to make investigations of any violations of the game and fish laws, and in aid thereof to take affidavits upon oath administered by them, and to cause proceedings to be instituted if proofs at hand warrant it."

■ By their very nature, game law violations frequently occur in woods, open fields, or remote sloughs. Even if the Fourth Amendment applies, to require game wardens to drive 10 or 20 miles, find the county attorney, look up a judge, and get a search warrant before entering private property to investigate a suspicious gunshot does not seem reasonable, nor would such a rule be helpful to law enforcement. We hold the statute valid and constitutional.

■ Under the facts in this case the officers had ample probable cause for believing that a game law violation may have occurred. The warrantless entry onto the Hoagland farm by the officers was not constitutionally impermissible. They had a right to enter the Hoagland farm. In *Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924), the Supreme Court held that a search conducted by officers on a defendant's land without a warrant was not within the Fourth Amendment protection of "persons, houses, papers and effects" when the officers were in the open fields at the time of their observations. See, also *McDowell v. United States*, 383 F.2d 599 (8 Cir. 1967), where a search without a warrant of defendant's open fields was found to be constitutional.

In any event, the officers had probable cause to search the farm property, and the exigent circumstances required immediate action. Even in the dark, experts can skin and dress a deer carcass in a matter of minutes.

Minnesota law does not recognize defendants' asserted right to resist a search which they apparently felt was illegal. Legal safeguards are available to our citizens to protect them from unlawful search and seizure. A darkened field in rural Itasca County does not appear to be the proper site to present such legal arguments.

■ We adopt and endorse the rule set forth in *United States v. Ferrone*, 438 F.2d 381, 390 (3 Cir. 1970), cert. denied, 402 U.S. 1008, 91 S.Ct. 2188, 29 L.Ed.2d 430 (1971):

"Society has an interest in securing for its members the right to be free from unreasonable searches and seizures. Society also has an interest, however, in the orderly settlement of disputes between citizens and their government; it has an especially strong interest in minimizing the use of violent self-help in the resolution of those disputes. We think a proper

accommodation of those interests requires that a person claiming to be aggrieved by a search conducted by a peace officer pursuant to an allegedly invalid warrant test that claim in a court of law and not forcibly resist the execution of the warrant at the place of search. The development of legal safeguards in the Fourth, Fifth, Sixth and Fourteenth Amendment fields in recent years has provided the victim of an unlawful search with realistic and orderly legal alternatives to physical resistance."

The jury verdict in each of these cases is sustained by the evidence. The statute, § 97.50, subd. 2, gives conservation officers the right to go upon private premises to carry out their official duties, and property owners may not resist the lawful exercise of that authority.

Affirmed.