STATE of Minnesota, Respondent,

v.

Richard S. WHITE, Appellant.

No. C7–82–789.

Supreme Court of Minnesota.

May 6, 1983.

Randall, Eliason & Murray and Harry Eliason, Hibbing, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Bruce Anderson, County Atty., Two Harbors, for respondent.

YETKA, Justice.

Following a search of his farm in Lake County, which resulted in the discovery by law enforcement officers of a large amount of marijuana (over 100 pounds), defendant was charged with possession of marijuana with intent to sell or distribute. Defendant moved to suppress the evidence at an omnibus hearing, but the court denied the motion. Defendant then waived his right to a jury trial and agreed to let the trial court decide the issue of guilt on the basis of stipulated facts. The trial court found defendant guilty as charged. The court sentenced defendant, who had no prior record, to 1 year and 1 day in jail with execution of sentence stayed on condition that defendant either serve 6 months in jail or pay a $15,-000 fine with a 10% surcharge. The court stayed the above condition pending this appeal from judgment of conviction. Defendant argues on appeal that the trial court erred in denying his motion to suppress. He also argues that the stipulation did not contain sufficient information to justify the determination that he had the requisite intent to sell or distribute the marijuana. We affirm.

1. Defendant raises two separate issues in support of his contention that the trial court erred in denying his motion to suppress.

First, he argues that the trial court improperly relied on the so-called "open field" exception to the Fourth Amendment and that, under *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), he should be deemed to have had a reasonable expectation of privacy on the land.

The "open field" doctrine was recognized by the United States Supreme Court in *Hester v. United States,* 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924). We relied on the doctrine in *State v. Hoagland,* 270 N.W.2d 778 (Minn.1978). Commentators and courts have disagreed over whether the doctrine lost some of its vitality as a result of the United States Supreme Court's decision in *Katz,* on which defendant relies. *See* 1 W. LaFave, *Search and Seizure* § 2.4(a) (1978). The issue may soon be decided since the United States Supreme Court has granted certiorari in a case in which the Florida Supreme Court, with one judge dissenting, concluded that the defendants had a reasonable expectation of privacy (and therefore a Fourth Amendment right against unreasonable search and seizure) in an 1,800-acre ranch that was posted and surrounded by a locked fence. *State v. Brady,* 406 So.2d 1093 (Fla.1982), *cert. granted,* —— U.S. ——, 102 S.Ct. 2266, 73 L.Ed.2d 1282 (1982). Under either the *Hester* approach or the *Katz* approach, the warrantless entry onto defendant's land in this case did not violate defendant's Fourth Amendment rights. Not only was the land in question an "open field" within the cases that rely on *Hester,* but defendant had not taken sufficient steps to demonstrate that he had a reasonable expectation of privacy in the land under the cases that rely on *Katz.*

Defendant's other Fourth Amendment argument is that the affidavit in support of the application for the search warrant contained insufficient information to justify the determination that marijuana would be found in defendant's residence, related structures or on the curtilage. We disagree. The affidavit indicated not only that a large quantity of harvested marijuana had been found partially concealed on defendant's land, but also that a warranted search of the residence of defendant's neighbor and friend had resulted in the discovery of large quantities of marijuana, including containers with defendant's first name or initial on them. The combined information was sufficient to give probable cause to search.

2. The only other issue is whether the stipulation provided a sufficient basis for the trial court's determination that defendant had the requisite intent to sell or distribute the marijuana.

Intent to sell or distribute is usually proved circumstantially. Evidence tending to show such intent includes evidence as to the large quantity of drugs possessed, evidence as to the manner of packaging, and other evidence. *See* 28 C.J.S. Supp., *Drugs and Narcotics* § 211 (1974). Here, the quantity possessed was far in excess of that needed for personal use. Under all these circumstances, we conclude that the trial court was fully justified in finding defendant guilty as charged.

Affirmed.