**STATE of Minnesota, Respondent,**

v.

**Scott David SCHUETTE, Appellant.**

**No. C1–87–2217.**

Court of Appeals of Minnesota.

May 17, 1988.

Hubert H. Humphrey, III, Atty. Gen., Mary J. Theisen, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Deborah K. Ellis, Thomson & Ellis, St. Paul, for appellant.

Heard, considered, and decided by FOLEY, P.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

FOLEY, Judge.

Appellant Scott David Schuette was convicted of possession of a controlled substance in violation of Minn.Stat. §§ 152.09, subd. 1(2); 152.15, subd. 2(2); and 152.02, subd. 2(3) (1986). On appeal, Schuette claims the evidence should have been suppressed because it was the product of an improper search of his automobile. We affirm.

## FACTS

On October 10, 1986, a Sibley County sheriff's deputy observed Schuette's van traveling in excess of the speed limit with the vehicle's headlights on high beam. After the deputy pulled Schuette's van over and approached it, he detected a strong odor of alcoholic beverages on or about Schuette.

Schuette failed the field sobriety tests and was arrested for driving under the influence of alcohol. When the deputy returned to Schuette's van to lock the doors, he observed one empty bottle behind the driver's seat and a six-pack beer carton located between the two front seats. The six-pack contained one full and one empty beer bottle.

The deputy also observed a large rolled-up grocery bag next to the six-pack. The deputy leaned into the van from the driver's side, opened the bag, and found two plastic baggies containing what later was confirmed to be approximately 3.4 ounces of marijuana. On the floor of the van, the deputy noticed a green wallet and cigarette rolling papers. The deputy removed the beer bottles, wallet, rolling papers, and marijuana from the van and transported Schuette to the Sibley County sheriff's department.

The trial court found that the state failed to prove beyond a reasonable doubt that Schuette was driving under the influence of alcohol or a controlled substance. However, Schuette was convicted of possession of a controlled substance. Both the omnibus court and the trial court noted that the stop was lawful and that Schuette was arrested after failing field sobriety tests, and found that the beer bottles and paper bag were observed in plain view as the deputy secured the van. The trial court held that the deputy had a reason to believe there was an "open bottle" violation and that the paper bag may have concealed beer bottles. The trial court thus found that the warrantless search was proper and that the evidence would not be suppressed.

## ISSUE

Was the search of Schuette's car supported by probable cause?

## ANALYSIS

Schuette contends that the search of the grocery bag was not justified as incident to his arrest or supported by probable cause to suspect the car contained contraband, weapons, or additional open bottles. On appeal, the parties do not dispute the justification for the stop or the propriety of the

arrest for driving under the influence of alcoholic beverages.

■ An officer's detection of an alcoholic odor emanating from an automobile constitutes probable cause to search the automobile for open bottles or cans of alcohol. *State v. Schinzing,* 342 N.W.2d 105, 109 (Minn.1983). After detecting the odor of alcohol, pursuant to the motor vehicle exception to the warrant requirement, the officer is "justified in searching anywhere in the passenger compartment where those open bottles or cans might be found." *Id.* Although a partially filled container of alcohol may not be observed by an officer, this court has found that probable cause nonetheless exists when the officer notices the smell of alcohol and observes an open case of beer with cans missing. *State v. Pierce,* 347 N.W.2d 829, 833 (Minn.Ct.App. 1984).

> If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.

*United States v. Ross,* 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982).

■ The deputy lawfully stopped Schuette's vehicle, detected the odor of alcohol, and arrested Schuette for suspicion of driving under the influence of alcohol after he failed field sobriety tests. While securing Schuette's vehicle, the deputy observed in open view an empty bottle on the floor of the vehicle and a six-pack containing one empty and one full beer bottle between the two seats. He also observed the rolled-up grocery bag next to the six-pack. Based upon the totality of the deputy's perceptions, Schuette's fourth amendment rights were not violated because the automobile compartment may be searched anyplace "where those bottles or cans might be found." *Schinzing,* 342 N.W.2d at 109.

Schuette also attempts to distinguish this case from analagous precedent because at the time the deputy searched the grocery bag he already had obtained the open bottles necessary to charge Schuette with an open-bottle violation. *See* Minn.Stat. § 169.122 (1986). He claims any additional

search was idle curiosity, unsupported by further probable cause.

However, in *State v. Collard,* 414 N.W.2d 733 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Jan. 15, 1988), this court rejected the defendant's claim that probable cause to conduct a full automobile search ended after the seizure of an open bottle. In *Collard,* following a lawful stop, the officer observed a beer bottle lying on the floor of the automobile. After seizing the bottle and calling a backup police unit, the officer returned to the car to search for more open beer bottles. While searching for additional bottles, the officer found a Tupperware container which held marijuana and a large wad of money.

This court ruled that the search was supported by probable cause even after seizure of the bottle and held that "upon observing evidence in plain view, a warrantless search of the remainder of the passenger compartment is justified." *Id.* at 736 (citing *State v. Munoz,* 385 N.W.2d 373, 376 (Minn.Ct.App.1986). The United States Supreme Court has ruled:

> The scope of a warrantless search of an automobile thus is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found.

*Ross,* 456 U.S. at 824, 102 S.Ct. at 2172.

The trial court properly noted that bottles and cans of alcoholic beverages often are carried in grocery bags. Moreover, empty or half-empty cans and bottles are lightweight. Despite the size and weight of the bag, the deputy was legally entitled to examine its contents, which reasonably may have contained additional cans or bottles. The trial court did not err in determining that the search of Schuette's car was supported by probable cause.

## DECISION

Affirmed.