**STATE of Minnesota, Appellant,**

v.

**Jesse Lloyd HICKMAN, Respondent.**

**No. C5–92–1019.**

Court of Appeals of Minnesota.

Oct. 27, 1992.

Review Denied Dec. 15, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas D. Hayes, Sherburne County Atty., Christopher J. Johnson, Asst. Sherburne County Atty., Elk River, for appellant.

Benjamin F. Gallagher, St. Paul, for respondent.

Considered and decided by SCHUMACHER, P.J., and PARKER and DAVIES, JJ.

## OPINION

DAVIES, Judge.

The state appeals the district court's order granting the motion of respondent Jesse Lloyd Hickman to suppress evidence that he was driving with a revoked license. The state also challenges the district court's order denying its motion to reconsider. We affirm.

## FACTS

On February 2, 1992, Sherburne County Deputy Steve Doran was driving on Highway 25 when he noticed an expired 1991 vehicle registration sticker on Jesse Lloyd Hickman's vehicle license plate. Doran stopped Hickman, although Hickman had not been speeding, driving erratically, or operating a vehicle with equipment violations. At a May 12 suppression hearing, Doran testified that he stopped Hickman only because of the expired registration sticker. Doran also testified that, while still seated in his patrol car after the stop, he saw a yellow 21–day temporary permit in the left-hand corner of Hickman's rear window and that he then confirmed the validity of the permit as he walked to Hickman's vehicle. The temporary permit was placed in compliance with Minn.Stat. § 168.092 (1990).

Doran nonetheless approached Hickman and asked to see his driver's license. Hickman admitted that he did not have a valid driver's license. Doran then charged Hickman with driving after revocation under Minn.Stat. § 171.24 (1990).

At the suppression hearing, the district court, while deeming the initial stop constitutional, granted Hickman's motion to suppress the evidence obtained as a result of the stop and dismissed the charge because no other incriminating evidence existed.

The state then moved the court to "decide the constitutionality of the stop only or, in the alternative * * * [t]o re-open the case." Prior to the hearing on this motion, the state moved to have the court's "written order conform to the Court's order from the bench, finding that the stop was valid."

After a hearing on May 26, the district court issued an order on June 1 denying what it referred to as the state's "motion to reconsider, or in the alternative re-open the case." The court implicitly addressed the state's May 21 motion in its June 1 findings of fact; there the court reiterated, as it had stated at both the May 12 and May 26 hearings, that the *initial* stop was constitutionally valid.

On June 1 the state filed this appeal challenging the district court's orders of May 18 and June 1, arguing that after making a constitutional stop, an officer may ask to see a driver's license.

## ISSUE

Did the district court err by suppressing evidence obtained after the officer had established that the vehicle was properly registered, where lapsed registration was the sole basis for the stop?

## ANALYSIS

■ This court, when reviewing a pretrial suppression order where facts are not in dispute, "may independently review the facts and determine, as a matter of law, whether the evidence need be suppressed." *State v. Othoudt*, 482 N.W.2d 218, 221 (Minn.1992).

The Fourth Amendment of the United States Constitution and Article 1, Section 10, of the Minnesota Constitution, prohibit unreasonable searches and seizures. Under *Terry v. Ohio*, an officer seizes an individual whenever the officer restrains the individual's freedom to walk away. *Terry v. Ohio*, 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968). The Minnesota Supreme Court has consistently extended the *Terry* doctrine to automobile stops by holding that police may not perform single, nonsystematic stops without having a "specific and articulable suspicion of a violation." *Marben v. State, Dept. of Pub. Safety*, 294 N.W.2d 697, 699 (Minn.1980);

*State v. Engholm,* 290 N.W.2d 780, 783 (Minn.1980); *State v. Johnson,* 257 N.W.2d 308, 308 (Minn.1977).

In *State v. McKinley,* 305 Minn. 297, 303–304, 232 N.W.2d 906, 910 (1975), officers asked to see the license of a motorist whom they had observed park his car after driving lawfully through an alley. Not having a valid license, the motorist was cited for driving after cancellation; the supreme court affirmed the trial court's suppression of the evidence. *McKinley,* 305 Minn. at 298, 232 N.W.2d at 908. The state tried to find statutory authority for what it termed a "routine" license check, by pointing to Minn.Stat. § 171.08 (1974):

> Every licensee shall have his license in his immediate possession at all times when operating a motor vehicle and shall display the same, upon demand of a justice of the peace, a peace officer.

The supreme court held that demanding to see a driver's license under this statute is valid only if done in compliance with constitutional standards. *McKinley,* 305 Minn. at 299, 232 N.W.2d at 908. Since nothing had properly aroused the officers' suspicion, application of section 171.08 was unconstitutional. Consequently, the trial court properly suppressed evidence of the canceled license. *Id.* at 304, 232 N.W.2d at 911.

Applying *McKinley* to the instant case, we hold that detaining Hickman to check his driver's license constituted an unlawful intrusion because Doran's suspicions about the vehicle's registration had been dispelled before he approached the driver.[1] After seeing the valid temporary permit, the officer no longer had articulable and reasonable suspicion that the vehicle was unregistered, that the driver was unlicensed, or that any criminal activity was afoot. That the initial stop was constitutional did not establish the constitutionality of the later intrusion (asking to see the driver's license). Therefore, the officer's

application of section 171.08 did not meet constitutional standards and the state's reliance on that statute is not well-founded. *See Delaware v. Prouse,* 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660 (1979) (holding that asking to see a driver's license is unconstitutional unless there is articulable and reasonable suspicion that a motorist is unlicensed, that the vehicle is unregistered, or that the vehicle or any of its occupants are involved in illegal activity).

## DECISION

The district court did not err in granting respondent's motion to suppress; the evidence was seized in the absence of any reasonable and articulable suspicion.

Affirmed.

---

1. Appellant argues that notwithstanding the district court's findings, Deputy Doran was not "unequivocally" certain that the temporary permit was valid and that he therefore needed to speak with Hickman in order to make that determination. This assertion is meritless in view of Doran's testimony at the suppression hearing that he saw the permit and verified its validity before approaching Hickman. Furthermore, Doran had an obligation in the circumstances of this stop to complete his check of the temporary permit as soon as he noticed it.