**STATE of Minnesota, Appellant,**

v.

**Janice Cruz LOPEZ, Respondent.**

**No. C0–01–384.**

Court of Appeals of Minnesota.

July 17, 2001.

Review Denied Sept. 25, 2001.

Mike Hatch, Attorney General, St. Paul, MN; and Lisa N. Borgen, Brian J. Melton, Clay County Attorney's Office, Moorhead, MN, (for appellant).

John M. Stuart, Mark D. Nyvold, State Public Defender's Office, The Minnesota Building, St. Paul, MN, (for respondent).

Considered and decided by HALBROOKS, Presiding Judge, WILLIS, Judge, and HANSON, Judge.

## OPINION

HANSON, Judge.

Appellant State of Minnesota contests a pretrial order in which the district court suppressed the evidence, resulting in a dismissal of the charge of procuring alcohol for a minor. The state challenges the district court's ruling that a police officer, having stopped a vehicle for having no license plates, should have terminated the detention immediately upon noticing a "drive-out sticker" on the vehicle's rear window, and that her conversation with the driver, during which she smelled alcohol, did not provide a lawful basis for further investigation. We reverse and remand.

## FACTS

Officer Melissa Hill was on routine patrol when she noticed a car without license plates. She initiated a traffic stop. As she approached the car, she noticed a white "drive-out" sticker in the rear window, indicating the car was properly licensed and registered. Nonetheless, Hill approached B.H., the driver, to explain why she had made the stop. While she was speaking to B.H., Hill smelled a faint odor of alcohol coming from the car's interior.

There were five occupants in the car. The driver stated that the car did not belong to him and a passenger, N.J.G., identified himself as the son of the owner. Officer Hill asked N.J.G. to step out of the car and asked him if there was anything illegal in the car or anything she should be aware of. N.J.G. said there was an alcoholic beverage and that it belonged to appellant Janice Lopez. Officer Hill asked N.J.G. if she could look in the car, and he said she could. When Hill searched the car, she found a twelve-pack of beer with three cans missing and two opened cans next to the twelve-pack. Lopez, a passenger in the car, said the beer belonged to her. Officer Hill then conducted preliminary blood tests on the vehicle's occupants. B.H., a minor, tested positive for alcohol. Lopez was charged with providing alcohol to a minor in violation of Minn.Stat. § 340A.503, subd. 2(1) (2000).

Lopez moved the court to dismiss the charges due to lack of probable cause. After a contested omnibus hearing, the district court stated that Officer Hill

should have terminated the stop as soon as she saw the "drive-out" sticker in the car's rear window. The court concluded that the continued detention was illegal and all evidence obtained thereafter must be suppressed as the fruit of the illegal stop. Accordingly, the court dismissed the charge. This appeal followed.

## ISSUES

1. Did the district court err by concluding that the arresting officer did not have probable cause to search the vehicle?

2. Was the consent to search the vehicle voluntary?

## ANALYSIS

 When the state appeals from a pretrial order dismissing a criminal charge, this court will reverse only if the state clearly and unequivocally demonstrates that the district court erred and that the error, unless reversed, will have a critical impact on the outcome of the prosecution. *State v. Othoudt,* 482 N.W.2d 218, 221 (Minn.1992). When reviewing the state's appeal from a pretrial order suppressing evidence, this court "may independently review the facts and determine, as a matter of law, whether the district court erred in suppressing * * * the evidence." *State v. Harris,* 590 N.W.2d 90, 98 (Minn.1999) (citation omitted). Here, the state has demonstrated critical impact because the district court's order prevents it from prosecuting the charge against Lopez. Because the facts are not in dispute, this court need only determine whether the district court erred as a matter of law in suppressing the evidence. *State v. Robb,* 605 N.W.2d 96, 99 (Minn.2000).

*Lawful basis to continue the traffic stop*

 Neither the state nor Lopez disputes the validity of the initial stop. The state, however, argues that the district court erred in concluding that Officer Hill illegally prolonged the stop. The district court found that the justification for the stop was dispelled when Hill saw the "drive-out" sticker in the car's rear window and thus the stop was illegal by the time she began speaking with the car's driver.

The district court relied on this court's decision in *State v. Hickman,* 491 N.W.2d 673, 675 (Minn.App.1992), which held that it was an unconstitutional intrusion for an officer to ask for a person's driver's license after the validity of the traffic stop had expired:

> [Officer] Doran testified that he stopped Hickman only because of the expired registration sticker. Doran also testified that, while still seated in his patrol car after the stop, he saw a yellow 21 day temporary permit in the left-hand corner of Hickman's rear window and that he then confirmed the validity of the permit as he walked to Hickman's vehicle. * * *
>
> Doran nonetheless approached Hickman and asked to see his driver's license. Hickman admitted that he did not have a valid driver's license. Doran then charged Hickman with driving after revocation.

*Id.* at 674. The circumstances of the present case, however, are distinguishable from those in *Hickman.*

 Here, Hill acknowledged that the original purpose for the detention ended at the moment she saw the "drive-out" sticker. However, Hill approached the driver merely to explain her error, not to conduct an investigation. She did not ask to see B.H.'s driver's license and she did not initially request additional information. This was not an unconstitutional intrusion. It would be impractical to suggest that the

officer, upon seeing evidence of lawful registration, immediately turn away and leave the stopped vehicle without explanation. Instead, the validity of the original stop continues at least long enough for the officer to approach the car and inform the driver he is free to go.

*Reasonable suspicion for further detention*

In the process of the lawful act of approaching the car, Hill detected the odor of alcohol coming from the interior. The district court held that the odor of alcohol alone was insufficient to provide Hill with probable cause to search the vehicle. However, Officer Hill did not move directly from the odor of alcohol to the search. Instead, she relied upon the odor of alcohol to continue or recommence the detention. The legal test for continuing detention is the same as that for the initial stop. "A brief investigatory stop requires only reasonable suspicion of criminal activity, rather than probable cause." *State v. Pike,* 551 N.W.2d 919, 921 (Minn. 1996) (citing *Terry v. Ohio,* 391 U.S. 1, 21–22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968)). "The factual basis required to support a stop is minimal, and an actual violation is not necessary." *State v. Haataja,* 611 N.W.2d 353, 354 (Minn.App.2000) (citation omitted) *review denied* (Minn. Jan. 27, 1999).

Because the odor of alcohol provided Officer Hill with reasonable suspicion of criminal activity, i.e., an open bottle in the car, she had a lawful basis to continue the detention and conduct an investigation.

*Probable cause to search*

Before searching the vehicle, Officer Hill asked the owner's son whether there was anything illegal or anything that she should know about in the car. He replied that there was an alcoholic beverage. This response, added to the odor of alcohol, provided Officer Hill with probable cause to search the vehicle.

"An officer may search a vehicle under the automobile exception [to the Fourth Amendment] if the officer has probable cause to believe the search will produce evidence of a crime." *State v. Bauman,* 586 N.W.2d 416, 422 (Minn.App. 1998) (citations omitted), *review denied* (Minn. Jan. 27, 1999). Probable cause is defined as "some showing by evidence which fairly and reasonably tends to show the existence of the facts alleged." *State v. Pederson–Maxwell,* 619 N.W.2d 777, 781 (Minn.App.2000) (quotation omitted).

The district court incorrectly focused on the question whether the odor of alcohol alone was sufficient to provide probable cause for the search. The court concluded that while the supreme court has stated that the odor of alcohol is sufficient to provide probable cause, it has never affirmed a finding of probable cause in a case where the only evidence was the odor of alcohol emanating from the vehicle. This is the wrong inquiry because there was more than the odor of alcohol in this case, N.J.G.'s admission that there was alcohol in the car. Moreover, it is an overly narrow reading of the supreme court cases.

In *State v. Schinzing,* 342 N.W.2d 105, 109 (Minn.1983), the supreme court affirmed a finding of probable cause to search a vehicle where the vehicle was being driven erratically, the officer knew the vehicle's occupants and knew they were underage, the officer smelled alcohol coming from the vehicle's interior and, when the officer asked the passengers if they had been drinking, the minors responded, "Yes."

In *State v. Schuette,* 423 N.W.2d 104, 106 (Minn.App.1988), this court affirmed a finding that probable cause existed where the driver was speeding with the car's

headlights on high beam, the driver showed visible signs of intoxication and failed the field sobriety test and the officer saw, in plain view, an empty beer bottle on the vehicle's floor and a six-pack between the vehicle's front seats containing one empty and one full beer bottle.

While it is true that each case involved facts in addition to the odor of alcohol, those facts were not identified as prerequisites to a finding of probable cause. To the contrary, while those facts (e.g., erratic driving, slurred speech, etc.) would be evidence of intoxication, they are not particularly probative of an open bottle in the car. In both *Schinzing* and *Schuette,* the court stated that the mere odor of alcohol is sufficient to permit an officer to continue a stop and to search a vehicle for an open bottle. *Schinzing,* 342 N.W.2d at 109 ("[The police officer's] detection of the odor of alcohol coming from the car gave him probable cause to believe that a search of the passenger compartment would reveal open bottles or cans of alcohol"); *Schuette,* 423 N.W.2d at 106 (citation omitted) ("An officer's detection of an alcoholic odor emanating from an automobile constitutes probable cause to search the automobile for open bottles or cans of alcohol").

*Consent to search*

 Finally, the district court ruled that N.J.G.'s consent to the search was invalid because it was the product of an unlawful detention and because N.J.G.'s consent was not voluntary. A valid consent could make a search lawful, even if the detention was not. *See State v. Shellito,* 594 N.W.2d 182, 186 (Minn.App.1999) (citations omitted) (stating that the consent of a defendant who is being illegally detained may be "tainted by the illegality" and therefore invalid). Because we conclude that Hill had probable cause to search the vehicle, we need not consider the question of the voluntariness of N.J.G.'s consent.

## DECISION

The district court erred by suppressing the evidence and dismissing the charges against Lopez of procuring alcohol for a minor. We reverse the district court's decision and remand for trial.

**Reversed and remanded.**