*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0710**

Alexander Nathan Davis, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed December 7, 2015
Affirmed
Bjorkman, Judge**

Hennepin County District Court
File No. 27-CV-13-20151

Rick E. Mattox, Prior Lake, Minnesota (for appellant)

Lori Swanson, Attorney General, William Young, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Larkin, Presiding Judge; Bjorkman, Judge; and Minge, Judge.[*]

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Appellant challenges the district court's order sustaining the revocation of his driver's license, arguing that (1) law enforcement was not justified in expanding the

_____
[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

scope of the traffic stop, (2) the warrantless search of his breath was unlawful, and (3) the implied-consent law is unconstitutional. We affirm.

**FACTS**

On November 3, 2013, at 12:50 a.m., Trooper Francis Tutell of the Minnesota State Patrol stopped appellant Alexander Nathan Davis's vehicle for speeding. The trooper approached the vehicle on the front passenger side, identified Davis, and observed three passengers. He noticed an odor of alcohol coming from the vehicle, and observed that Davis's eyes were bloodshot and watery. The trooper asked Davis if he had been drinking, and Davis responded that he had consumed two beers earlier in the night.

The trooper asked Davis to perform field sobriety tests because he suspected Davis was under the influence of alcohol. When Davis stepped out of the vehicle, the trooper immediately smelled an odor of alcohol coming directly from Davis. Davis performed several field sobriety tests, exhibiting multiple indicia of intoxication. A preliminary breath test indicated that Davis had a 0.153 alcohol concentration. The trooper then placed Davis under arrest and transported him to the Hennepin County Jail.

At the jail, the trooper read the implied-consent advisory to Davis and asked him if he wanted to contact an attorney. Davis stated that he did, and the trooper provided a phone and multiple directories. Davis called his father and spoke to him for approximately one minute. After this conversation, the trooper asked Davis if he contacted an attorney, and whether he wanted to continue to use the phone. The record does not reflect whether Davis answered this question. The trooper then asked Davis if

2

he would take a breath test. Davis agreed to do so and the test results indicated an alcohol concentration of 0.13.

Respondent Commissioner of Public Safety subsequently revoked Davis's driver's license. Davis filed a petition for judicial review of the revocation. Following an evidentiary hearing, the district court sustained the revocation, determining that the trooper reasonably expanded the scope of the traffic stop, that a valid exception to the warrant requirement existed for the search of Davis's breath, and that Minnesota's implied-consent statute is constitutional. Davis appeals.

## D E C I S I O N

**I.    Expansion of the traffic stop was supported by reasonable, articulable suspicion of criminal activity.**

Expansion of a traffic stop is unlawful unless there is a reasonable, articulable suspicion of criminal activity beyond the observed traffic violation. *State v. Fort*, 660 N.W.2d 415, 418-19 (Minn. 2003). Each additional intrusion must be justified by the original purpose of the stop, probable cause, or reasonableness as defined in *Terry*. *State v. Askerooth*, 681 N.W.2d 353, 365 (Minn. 2004). Reasonableness is an objective test, based on the totality of the circumstances. *State v. Smith*, 814 N.W.2d 346, 351 (Minn. 2012). We review a district court's ruling regarding the legality of a traffic stop and questions of reasonable suspicion de novo. *Wilkes v. Comm'r of Pub. Safety*, 777 N.W.2d 239, 242-43 (Minn. App. 2010).

Davis first argues that the trooper did not have reasonable, articulable suspicion to expand the traffic stop because there was no evidence that the odor of alcohol in the car

3

came from Davis and there was no foundation for the trooper's testimony that Davis's eyes were bloodshot and watery. Davis also contends the district court's aggregate findings do not support expansion of the stop. We disagree.

This court has consistently concluded that expansion of a traffic stop is valid on facts similar to those in this case. In *State v. Klamar*, we held that an odor of alcohol and bloodshot and watery eyes justified the expansion of a traffic stop to investigate suspicions of impaired driving. 823 N.W.2d 687, 696 (Minn. App. 2012). And in *State v. Lopez*, we concluded that the odor of alcohol alone provided an officer with reasonable suspicion of criminal activity to expand a traffic investigation. 631 N.W.2d 810, 814 (Minn. App. 2001), *review denied* (Minn. Sept. 25, 2001). Here, the trooper observed that Davis had bloodshot and watery eyes, noticed an odor of alcohol, and Davis admitted to consuming alcohol earlier in the evening. These indicia of intoxication were more than sufficient to justify expansion of the traffic stop.

Davis next asserts that the expansion of the traffic stop was improper because the trooper initiated the stop to conduct a driving-while-impaired (DWI) investigation. We are not persuaded. First, Davis does not challenge the validity of the stop. Second, the record supports the district court's findings that the trooper stopped Davis's vehicle for speeding, observed numerous indicia of intoxication after making contact with Davis, and learned that Davis had consumed alcohol that evening. Only after making these observations did the trooper expand the stop into a DWI investigation. Third, the trooper's subjective reasons for stopping Davis in the first place are irrelevant. Courts determine reasonable suspicion based on the objective circumstances. *See State v. Koppi*,

4

798 N.W.2d 358, 363 (Minn. 2011) (noting that the subjective beliefs of an officer are not the focus in evaluating reasonableness); *Paulson v. Comm'r of Pub. Safety*, 384 N.W.2d 244, 246 (Minn. App. 1986) (stating that "articulable suspicion is an objective standard" (quotation omitted)). On this record, we conclude that the totality of the circumstances support the expansion of the traffic stop into a DWI investigation.

**II. The search of Davis's breath was a constitutional search incident to arrest.**

The United States and Minnesota Constitutions protect individuals from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. A breath test is considered a search for Fourth Amendment purposes. *Mell v. Comm'r of Pub. Safety,* 757 N.W.2d 702, 709 (Minn. App. 2008). "A search conducted without a warrant is per se unreasonable unless an exception applies." *Ellingson v. Comm'r of Pub. Safety*, 800 N.W.2d 805, 807 (Minn. App. 2011), *review denied* (Minn. Aug. 24, 2011). A warrantless breath test does not violate the Fourth Amendment because it satisfies the search-incident-to-arrest exception to the warrant requirement. *State v. Bernard*, 859 N.W.2d 762, 767 (Minn. 2015).

Probable cause to arrest an individual for DWI exists if the circumstances at the time of arrest reasonably warrant a prudent and cautious officer to believe the person was driving under the influence. *Reeves v. Comm'r of Pub. Safety*, 751 N.W.2d 117, 120 (Minn. App. 2008). An officer's observation of objective indications of intoxication establishes probable cause to believe a person is under the influence of alcohol. *State v. Kier*, 678 N.W.2d 672, 678 (Minn. App. 2004), *review denied* (Minn. June 15, 2004). Common indicia of intoxication include the odor of alcohol, bloodshot and watery eyes,

slurred speech, and uncooperative behavior. *Id.*; *see also Mell*, 757 N.W.2d at 712 (holding that a failed preliminary breath test, in combination with other indicia of intoxication, provided sufficient probable cause for DWI arrest). An admission of consuming alcohol and difficulty performing field sobriety tests also indicate intoxication. *Reeves*, 751 N.W.2d at 120.

Davis asserts that the search-incident-to-arrest exception does not apply because the trooper did not have probable cause to arrest him. We disagree. The trooper observed several recognized indicia of intoxication. Davis emitted an odor of alcohol, had bloodshot and watery eyes, and admitted consuming alcohol prior to driving. He performed poorly on multiple field sobriety tests, and his preliminary breath test registered an alcohol concentration of 0.153. Because the trooper had probable cause to arrest Davis for DWI, the breath test was a valid search incident to arrest under *Bernard*.

Finally, Davis argues that the implied-consent advisory statute is unconstitutional because it violates his due-process rights and the doctrine of unconstitutional conditions. These arguments are unavailing. Our supreme court rejected the due-process argument in *Bernard*, holding that rational-basis review applies and that this standard is met because the statute criminalizing the refusal of chemical testing is a reasonable means to fulfilling the government's interest in keeping impaired drivers off the road.[1] 859 N.W.2d at 774.

And this court held in *Stevens v. Comm'r of Pub. Safety* that the unconstitutional-conditions doctrine does not apply in the context of the Fourth Amendment, and even if it

---

[1] We note that this argument is most appropriately addressed in a criminal proceeding rather than in the civil implied-consent context, but the argument fails in both settings.

did, the statute does not authorize a search that violates the Fourth Amendment. 850 N.W.2d 717, 725 (Minn. App. 2014).

**Affirmed.**