**STATE of Minnesota,
petitioner, Appellant,**

v.

**Jesse Isaac BIGELOW, Respondent.**

**No. C4–89–1048.**

Supreme Court of Minnesota.

Feb. 9, 1990.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Marvin E. Ketola, Carlton County Atty., Carlton, for petitioner, appellant.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for respondent.

YETKA, Justice.

This is a pretrial appeal by the state from an order of the trial court suppressing evidence on fourth amendment grounds in the drug possession prosecution of defendant, Jesse Isaac Bigelow. The court of appeals, in a 2–1 decision, affirmed the suppression order. *State v. Bigelow,* 447 N.W.2d 899 (Minn.App.1989). Holding that, if the police have probable cause to search a motor vehicle for drugs or other contraband, they may search every part of the vehicle and its contents which may conceal the object of the search, we reverse the decision of the court of appeals and remand for trial.

Just after sunset on March 31, 1989, Highway Patrol Officer Harvey Genadek observed a 1981 Chevrolet Camaro speeding on I–35 in the vicinity of Otter Creek and Highway 210 in Carlton County. The officer turned on his red grill lights, and the driver slowed down, but continued for about a sixth of a mile before stopping. This apparently is considerably longer than it usually takes a driver to stop when signaled to do so. As the officer approached on foot, he saw what he described as "a lot of action in the front seat, as if they were hiding something, reaching down under the front seat or what have you." When the officer got near, the driver, Paul Pulte of Minnetonka, rolled down his window halfway and handed the officer his license, this before the officer asked any questions. The officer told Pulte why he had stopped the car. He noted that, in addition to the front seat passenger, there was a passenger in the rear of the car, defendant, who is from Wayzata. Seeing in open view a glass mug between the front bucket seats, he asked the driver if he could look at it. The driver, Pulte, and front seat passenger, Timothy Johnson of Bloomington, said it was root beer. After smelling the glass, the officer apparently concluded that it

might be root beer in the glass. After asking the driver to stand by the squad car, the officer shined his flashlight into the car and saw, near the center hump, what in the drug subculture is referred to as a "bong," a distinctive looking item used to smoke marijuana. Recognizing the item for what it was, the officer asked to see it. The front seat passenger, Johnson, said it was not his, but belonged to a "guy" in Duluth where the driver said they were heading.

Officer Genadek radioed for assistance and waited until other officers arrived. Each of the three—Pulte, Johnson and defendant—was frisked. Johnson, the front seat passenger, said the vehicle was his. Under the right front seat near the hump, Genadek found a plastic bag containing what appeared to be marijuana. The officer then looked in the rear seat and saw a number of bags on the floor, including a black tote bag. When asked whose it was, Johnson said to defendant, "That's your bag, isn't it Jesse?" Defendant said, "Yes." Genadek looked in it and found marijuana in an amount later determined to be 122.5 grams. He also saw an unzipped and open blue duffle bag on the floor of the back seat. That bag contained a balance beam scale, which is commonly used in weighing and packaging marijuana. Pulte, the driver, identified the blue duffle bag as his.

The trial court concluded that the search was unjustified because the officers, at the time they searched the bag which defendant said was his, did not have probable cause to believe that defendant himself possessed any marijuana. As the trial court put it, "He had made no furtive movement; he did not smell of alcohol; he did not smell of marijuana; he was not located in the portion of the vehicle in which a bong and a small amount of marijuana had been found." The trial court concluded that the case was not governed by *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), which was cited by the prosecutor as one of the controlling cases, but by *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979).

The majority opinion of the court of appeals' panel used similar reasoning. 447 N.W.2d at 901–02. It also relied on cases to the effect that "a person" cannot be arrested and searched merely because he is present in a vehicle in which drugs are found. *Id. See, e.g., State v. Slifka*, 256 N.W.2d 90, 91 (Minn.1977). The dissent distinguished these cases and said simply that this case is controlled by *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). 447 N.W.2d at 903.

We agree with the dissent. *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), relied on expressly by the trial court, dealt with the issue of search of luggage contained in a vehicle where the police had probable cause to believe that the luggage itself contained contraband, but no probable cause to believe that contraband was contained elsewhere in the vehicle. In *Sanders*, the police had probable cause to believe that the defendant, who got off a plane, had marijuana in his suitcase. When they stopped the cab in which the defendant was riding, they seized and searched the suitcase. The Court held that, on those facts, a warrant was needed to search the suitcase.

The Court's subsequent decision in *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), relied on by the dissent, dealt with the issue of whether the police may make a warrantless search of a container in a motor vehicle when, as was not the case in *Sanders*, the police have probable cause to search the entire vehicle. *Ross* held that, if "probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle *and its contents* that may conceal the object of the search." (Emphasis added.) 456 U.S. at 825, 102 S.Ct. at 2173. *See also United States v. Johns*, 469 U.S. 478, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985). *Sanders, Ross* and *Johns* are discussed in full detail in 3 W. LaFave, *Search and Seizure* § 7.2(d) (2d ed. 1987).

Our holdings are in accord. *See, e.g., State v. Schinzing*, 342 N.W.2d 105, 110–11 (Minn.1983), holding in relevant part that (a) the lawful discovery of drugs or other

contraband in a motor vehicle gives the police probable cause to believe that a further search of the vehicle might result in the discovery of more drugs or other contraband and (b) if probable cause justifies a search of a vehicle for more drugs or other contraband, it justifies a search of every part of the vehicle and its contents that may conceal the object of the search. Relevant court of appeals' decisions include *State v. Schuette*, 423 N.W.2d 104, 106 (Minn.App.1988) (relying on *Ross* and *Schinzing*); *State v. Nace*, 404 N.W.2d 357, 361 (Minn.App.1987) (relying on *Ross*), *pet. for rev. denied* (Minn., June 25, 1987); *State v. DeLegge*, 390 N.W.2d 10, 12 (Minn. App.1986) (relying on *Ross*).

The decision of the court of appeals confuses the rule of *Ross* and *Schinzing* with the "mere presence" rule, which goes to the issue not of search of containers within the vehicle being searched, but to the issue of search and/or arrest of *a person* merely because he is present. We deal here with the search of containers within a vehicle where, under the cases, there was probable cause to search the entire vehicle. Under these circumstances, the *Ross* and *Schinzing* rule applies, not the *Sanders* rule or the "mere presence" rule.

Because the searches of the bags in the vehicle were justified under the *Ross* and *Schinzing* rule, the trial court erred in suppressing the evidence on fourth amendment grounds. Accordingly, we reverse the decision of the court of appeals and remand for trial.

Reversed and remanded for trial.