STATE of Minnesota, Appellant,

v.

Kent Eugene DARNALL, Respondent.

No. C1-92-2409.

Court of Appeals of Minnesota.

April 6, 1993.

Hubert H. Humphrey, III, Atty. Gen., Patrick A. Oman, Co. Atty., Austin, for appellant.

John M. Stuart, Minnesota State Public Defender, Leslie J. Rosenberg, Sp. Asst. State Public Defender, Minneapolis, for respondent.

Considered and decided by SCHUMACHER, P.J., and LANSING and HARTEN, JJ.

## OPINION

HARTEN, Judge.

The state appeals a district court pretrial order suppressing evidence on the grounds that the seizure was the result of a search that exceeded the scope of consent. The state contends that the discovery of illegal drugs in the passenger compartment of a car following a consensual search thereof gave the police officer probable cause to search the car trunk and a knapsack in the trunk belonging to respondent Kent Eugene Darnall, who was a passenger in the car. We agree with the state, and reverse and remand.

## FACTS

On September 16, 1992, Mower County Sheriff's Sergeant Howard stopped an Oldsmobile Cutlass Ciera for speeding. There were five people in the car, which was registered in Iowa. Darnall was a back seat passenger. The driver, who was also one of the owners of the car, gave Officer Howard consent to look inside the car. Officer Howard found open bottles of alcohol, drugs and drug paraphernalia in the car.

Officer Howard then took the car keys out of the ignition and opened the trunk. He searched a knapsack in the trunk with Darnall's name on it and found more

drugs. Darnall was charged with possession of LSD and possession of psilocybin mushrooms in violation of Minn.Stat. § 152.024, subd. 2(1) (1992), possession in a motor vehicle of an open bottle of intoxicating liquor in violation of Minn.Stat. § 169.122, subd. 2 (1992), possession in a motor vehicle of marijuana in violation of Minn. Stat. § 152.027, subd. 3 (1992) and failure to affix tax stamps to controlled substances in violation of Minn.Stat. § 297D.09, subd. 1a (1992).

After an omnibus hearing, the district court suppressed evidence found in the search of Darnall's knapsack, granted Darnall's motion to dismiss the counts in the complaint relating to that evidence, but denied Darnall's motion to dismiss the counts for possession in a motor vehicle of both an open bottle of intoxicating liquor and marijuana.

The parties do not challenge the district court's factual findings. The district court found:

(1) [Officer Howard] had probable cause to stop the vehicle in which [Darnall] was a passenger. [Officer Howard] was in possession of specific and articulable facts supporting a reasonable suspicion that the driver of said vehicle was in violation of Minnesota's speed laws. Thus, there was a legal stop.

(2) After the stop, Officer Howard obtained from the driver of the motor vehicle, Daniel Rude, his consent to "look inside the car." Upon looking inside the seating area of the car, [Officer Howard] found:

A. A container [with] a small amount of marijuana [in it] between the front seat.

B. An open bottle on the passenger side of the front seat.

C. A metal marijuana pipe in the front ash tray.

D. Three open bottles of alcohol located in the immediate vicinity of the [back seat] where [Darnall] had been sitting.

E. A clear plastic bag with a small amount of marijuana and a metal pipe on the floor in the [back seat].

(3) After completing said search inside the car, pursuant to the consent of Daniel Rude, Officer Howard took the keys from the ignition and proceeded to open the locked trunk. No separate consent was obtained from Mr. Rude or any of the passengers, including [Darnall], for [Officer Howard] to open the trunk.

(4) When the trunk was opened, Officer Howard found five closed duffel bags, but could see no contraband outside the zipped up bags. Without discussing the matter with the passengers, Officer Howard opened the bags and continued his search. He found marijuana in several of the bags. He determined that one of the duffel bags, in which marijuana was found, was owned by [Darnall]. [Darnall] was then arrested, placed in the squad car and taken to the Law Enforcement Center for interrogation. His duffel bag was seized by Officer Howard. Later, police personnel conducted a further search of [Darnall's] luggage and found LSD located therein.

(5) The consent of Daniel Rude that Officer Howard "look inside his car" did not authorize Officer Howard to take the keys, open the trunk, and open the bags therein located without a search warrant. Clearly, the consent of Daniel Rude was limited to inside the passenger area of the automobile.

The state appeals from the order, arguing that the district court erred in failing to find that Officer Howard had probable cause to search Darnall's knapsack.

## ISSUE

Did the district court err in suppressing the evidence that resulted from the search of Darnall's knapsack?

## ANALYSIS

When appealing a pretrial order suppressing evidence, the state must show that the district court's judgment is "clearly and unequivocally" erroneous and that, without reversal, "the error will have a critical impact on the outcome of the trial." *State v. Webber*, 262 N.W.2d 157, 159

(Minn.1977). In a case where the district court's judgment is based on undisputed facts, however, this court may review the district court's judgment as a legal question and "may independently review the facts and determine, as a matter of law, whether the evidence need be suppressed." *State v. Othoudt,* 482 N.W.2d 218, 221 (Minn.1992).

■ In the order being appealed, the district court concluded that, because the search of the knapsack and the trunk was not consensual, the evidence resulting from the searches and seizures as to Darnall and all statements given by Darnall after the search of the trunk were obtained in violation of the Fourth Amendment and were inadmissible at trial. In its memorandum, the district court said:

> It is clear that Officer Howard was allowed only to look in the seating area of the car. He was not given permission to search the trunk or any portion of the vehicle other than within that passenger area. * * *.
>
> Thus, the * * * evidence against [Darnall] found within his duffel bag inside the trunk is the fruit of an illegal search and seizure in violation of [Darnall]'s Fourth Amendment rights. However, [Officer Howard] legally stopped the vehicle because it was speeding. Because of the driver's consent, he properly searched inside the passenger area of the car and obtained evidence which should be admissible at trial.

The state maintains that the district court failed to recognize that the contraband found in the consensual search of the passenger compartment gave Officer Howard probable cause to search the trunk and Darnall's knapsack, and, therefore, consent was not required. *See State v. Schinzing,* 342 N.W.2d 105, 111 (Minn.1983) (if police

lawfully discover contraband in passenger compartment of car, they then have probable cause to search trunk); *see also United States v. Ross,* 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982) (probable cause permits search of every part of vehicle that may conceal object of search), *cited in Schinzing,* 342 N.W.2d at 111. Darnall responds that the district court implicitly found that there was no probable cause to believe his knapsack would contain the object of the search. Darnall argues that only after finding no probable cause did the district court consider whether he had consented to the search of his knapsack.

In *State v. Bigelow,* 451 N.W.2d 311, 312–13 (Minn.1990), the supreme court determined that the police had probable cause to search a bag in the passenger compartment belonging to an individual who disclaimed any connection with contraband which the police had lawfully discovered and which gave rise to probable cause to search the car. *Id.* (citing *Ross,* 456 U.S. at 825, 102 S.Ct. at 2173 and *Schinzing,* 342 N.W.2d at 111). Darnall notes that in contrast to *Bigelow,* here the knapsack was in the trunk of the car, not the passenger compartment. Darnall also asserts that this case differs because the facts do not establish a sufficient link between him and the contraband that Officer Howard found in the passenger compartment to justify searching his knapsack in the locked trunk.

We are not persuaded by Darnall's argument that the district court implicitly made a factual determination that he was not connected with the marijuana found in the passenger compartment. The record shows that the district court denied Darnall's motion to dismiss a charge against him for possession of marijuana in a motor vehicle.[1] The refusal to dismiss the posses-

---

**1.** Minn.Stat. § 152.027, subd. 3 (1992) provides in part that:

> A person is guilty of a misdemeanor if the person is the *owner* of a private motor vehicle, or is the *driver of the motor vehicle if the owner is not present,* and possesses on the person, or knowingly keeps or allows to be kept within the area of the vehicle normally occupied by the driver or passengers, more than 1.4 grams of marijuana.

(Emphasis added.) Darnall was neither the owner nor the driver of the car, so it is not clear that the statute applies to him. *See Lennon v. Pieper,* 411 N.W.2d 225, 227 (Minn.App.1987) (defendant in situation similar to Darnall's improperly charged under the predecessor statute, Minn.Stat. § 152.15, subd. 2(5) (1980)).

Nonetheless, it appears the district court believed Darnall was at least in constructive pos-

sion charge contradicts Darnall's claim that the district court made a factual finding that there was no connection between him and the contraband.

Darnall may be correct in stating that the *Ross* rule is not a per se rule. *See California v. Acevedo,* — U.S. —, —, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991) (reaffirming principal that search of an entire vehicle may not be justified by probable cause to think there is contraband in a container put in the vehicle). Here, however, the district court's finding of probable cause for the possession charge justifies a finding of probable cause to believe that the knapsack would contain the object of the search.

Moreover, there is no merit to Darnall's argument that the small amount of drugs found in the passenger compartment did not justify a search of the trunk. This argument has already been rejected in *Schinzing,* 342 N.W.2d at 110–11 (Minn. 1983) (refusing to follow *Wimberly v. Superior Court,* 16 Cal.3d 557, 547 P.2d 417, 128 Cal.Rptr. 641 (1976), the case upon which Darnall relies).

Finally, Darnall argues that Officer Howard did not give an objective basis for the search of the trunk at the omnibus hearing. His failure to do so, however, "does not destroy the validity of the search." *Schinzing,* 342 N.W.2d at 110 n. 1.

### DECISION

Because the district court clearly erred in failing to find probable cause to search Darnall's knapsack, we reverse the district court's suppression of the evidence resulting from that search and the dismissal of the charges arising from that search.

Reversed and remanded.

session of the marijuana found in the back seat

area near where he had been sitting.