**STATE of Minnesota, Respondent,**

v.

**Tamara Gay PEDERSON–MAXWELL, Appellant.**

**No. C1–99–2112.**

Court of Appeals of Minnesota.

Dec. 5, 2000.

Michael Hatch, Minnesota Attorney General, James B. Early, Assistant Attorney General, St. Paul, and Wayne H. Swanson, Polk County Attorney, Crookston, for respondent.

John D. Ellenbecker, Attorney at Law, St. Cloud, for appellant.

Considered and decided by ANDERSON, Presiding Judge, KALITOWSKI and SHUMAKER, Judges.

## OPINION

G. BARRY ANDERSON, Judge.

Appellant Tamara Gay Pederson–Maxwell was convicted of two counts of fifth-degree controlled substance crime and one count of failure to affix controlled substance tax stamps in violation of Minn.Stat. §§ 152.025, subds. 1(1), 2(1) and 3(a);

609.05, subd. 1; and 297D.09, subd. 1a (1998). On appeal, Pederson Maxwell claims the evidence should have been suppressed because it was the product of an improper search of her automobile. We affirm.

## FACTS

On July 10, 1998, at approximately 8:00 p.m., a confidential informant met with Crookston Police Department Detective Gerardo Moreno, and other law enforcement officers. The informant stated that he or she had met with individuals the previous day at the Polk County Fair in Fertile, Minnesota who stated they could supply the informant with controlled substances. The informant was supplied with $450 of "buy-money" and an electronic transmitter to record the purchase.

This informant met with Brian Christopher Johnson at the fair, and Johnson introduced the informant to Raymond Richard Krebs. Johnson and Krebs agreed to sell the informant two ounces of marijuana for $300 later in the evening.

The informant subsequently met with Krebs and Johnson. The three proceeded to a white four-door Dodge Spirit, which was registered to the appellant, Tamara Gay Pederson–Maxwell. Krebs entered the vehicle and told a female sleeping in the front seat (later identified as appellant) to open the trunk so he could get the "weed." Krebs instead grabbed a pair of boots from the back seat of the vehicle and took approximately two ounces of marijuana out of one of the boots.

The informant, Krebs, and Johnson then entered a different vehicle and drove around for a short time. The informant, after being dropped off, met with Deputy Helget. The informant told Deputy Helget that Krebs and Johnson smoked a marijuana joint while they were in the car, and that Krebs provided the informant with approximately two ounces of marijuana in exchange for $300.

A short time later, the informant identified Krebs to Detective Moreno as the man who sold him the marijuana. The informant also identified appellant as the woman who was sleeping in the Dodge Spirit when Krebs obtained the marijuana. Krebs and appellant were placed under arrest. Johnson was also subsequently arrested. The officers searched Krebs and found $517 in cash, $290 of which was marked buy-money that the informant stated was paid in exchange for the marijuana. Appellant's purse was found to contain approximately two ounces of marijuana and $2,675 in cash. At trial, the evidence established that the actual amount of marijuana in appellant's purse totaled 39.9 grams.

Detective Moreno asked appellant for permission to search the Dodge Spirit, but she refused. Appellant agreed to allow Detective Moreno to drive the vehicle from the fairgrounds to the Fertile Police Department.

Once at the police department, a trained drug-detection dog reacted to the presence of controlled substances in the vehicle and in the trunk. The vehicle was impounded and transported to the Northwest Regional Corrections Center in Crookston.

On July 13, 1998, officers searched the Dodge Spirit without a warrant. Three Tupperware containers filled with marijuana, a weight scale, a cellular phone, a pager, a .380 caliber semi-automatic handgun and an ammunition clip, a .38 caliber semi-automatic handgun with one loaded and one unloaded ammunition clip, an interchangeable .45 caliber barrel, ammunition, and other items were found in the trunk of the vehicle.

Appellant was charged with, and convicted of, two counts of fifth-degree controlled substance crime and one count of failing to affix a controlled substance tax stamp.[1] Appellant's motion to suppress the evidence obtained in the search of her car was denied based on stipulated facts and the trial court's conclusion that the warrantless search was proper.

1. Appellant was charged, but not tried on a conspiracy count.

## ISSUES

I. Did appellant waive the issue of illegal search by failing to raise it before the district court?

II. Was the warrantless search of appellant's car trunk proper?

## ANALYSIS

### I.

Respondent maintains that appellant waived the issue of illegal search by failing to raise it before the district court. In order for constitutional challenges to the admission of evidence to be timely, objections to such evidence must be raised at the omnibus hearing. *See State ex rel Rasmussen v. Tahash,* 272 Minn. 539, 555, 141 N.W.2d 3, 14 (1965); *State v. Lieberg,* 553 N.W.2d 51, 56 (Minn.App. 1996); *State v. Brunes,* 373 N.W.2d 381, 386 (Minn.App.1985). These evidentiary objections take the form of pretrial motions to suppress.

[A] pretrial motion to suppress should specify, with as much particularity as is reasonable under the circumstances, the grounds advanced for suppression in order to give the state as much advance notice as possible as to the contentions it must be prepared to meet at the hearing.

*State v. Needham,* 488 N.W.2d 294, 296 (Minn.1992). "In practice, the defense counsel at the outset of an omnibus hearing often makes a rather general statement of the issues." *Id.*

Appellant's motion requested, in part, the following relief:

Suppressing all evidence obtained as a result of the search of Defendant's motor vehicle as said search was done in violation of Defendant's rights as guaranteed by the United States Constitution, the Constitution of the State of Minnesota, and Minnesota State Law.

It is clear that appellant challenged the search of the vehicle and the state had notice of this defense. Accordingly, the state's argument is without merit.

### II.

Appellant challenges the warrantless search of her automobile as improper, contending that the district court erred in denying her motion to suppress evidence recovered as a result of the search.

When reviewing pretrial orders on motions to suppress evidence, we may independently review the facts and determine, as a matter of law, whether the district court erred in suppressing—or not suppressing—the evidence. *State v. Harris,* 590 N.W.2d 90, 98 (Minn. 1999) (citation omitted). When reviewing the legality of a seizure or search, this court will not reverse the district court's findings unless clearly erroneous or contrary to law. *State v. Dickerson,* 481 N.W.2d 840, 843 (Minn.1992), *aff'd,* 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).

A warrantless search and seizure is per se unreasonable. U.S. Const. amend. IV; Minn. Const. art. I; *State v. Othoudt,* 482 N.W.2d 218, 221–22 (Minn. 1992) (citing *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967)). Warrantless searches are only allowed in a "few specifically established and well delineated exceptions." *State v. Hanley,* 363 N.W.2d 735, 738 (Minn.1985) (quoting *Katz,* 389 U.S. at 357, 88 S.Ct. at 514). One of these exceptions involves the search of motor vehicles. *Carroll v. United States,* 267 U.S. 132, 153, 45 S.Ct. 280, 285, 69 L.Ed. 543 (1925).

A law enforcement officer may make a warrantless search of an automobile when there is probable cause to believe the vehicle contains contraband. *Maryland v. Dyson,* 527 U.S. 465, 467, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442 (1999) (a finding of probable cause "alone satisfies the automobile exception to the Fourth Amendment's warrant requirement"); *State v. Bigelow,* 451 N.W.2d 311, 311 (Minn.1990) (holding that, if the police have probable cause to search a motor

vehicle for drugs or other contraband, they may search every part of the vehicle and its contents which may conceal the object of the search); *State v. Nace*, 404 N.W.2d 357, 361 (Minn.App.1987), *review denied* (Minn. Jun 25, 1987) (under the automobile exception to the warrant requirement, only probable cause to believe that a car contains contraband is required because of a lower expectation of privacy in a motor vehicle).

Here, a trained drug-detection dog "sniffed" the exterior of the Dodge Spirit, alerting the deputy to the presence of controlled substances. The United States Supreme Court has previously concluded that a "canine sniff" search is an "investigative technique * * * much less intrusive than a typical search" and does not constitute a "search" within the meaning of the Fourth Amendment. *U.S. v. Place*, 462 U.S. 696, 707, 103 S.Ct. 2637, 2644–45, 77 L.Ed.2d 110 (1983).

▮▮▮▮ In the present case, the dog's reaction did establish probable cause that there was contraband in the trunk of the car. Probable cause is defined as "some showing by evidence which fairly and reasonably tends to show the existence of the facts alleged." *Poor Richards, Inc. v. Chas. Olson & Sons & Wheel Serv. Co.*, 380 N.W.2d 225, 227 (Minn.App.1986) (citation omitted). A determination of "probable cause as it relates to warrantless searches" is subject to de novo review. *In re Welfare of G.M.*, 560 N.W.2d 687, 690 (Minn.1997) (citing *Ornelas v. United States*, 517 U.S. 690, 698–99, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996)).

> Probable cause to search an automobile exists where the facts and circumstances within the officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a reasonable man of reasonable caution in the belief that the automobile contains articles the officer is entitled to seize.

*State v. Gallagher*, 275 N.W.2d 803, 806 (Minn.1979) (citations omitted). Here, the officers clearly had probable cause to believe appellant's automobile contained contraband, a conclusion not challenged by appellant.

Appellant makes the argument that the automobile exception requires that the police have probable cause *and* that the vehicle be "readily mobile." Appellant cites two cases as a basis for this assertion. These cases, however, do not support appellant's argument.

Appellant points to language in *Pennsylvania v. Labron* for the proposition that something more than probable cause is required to search a vehicle without a warrant:

> If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more.

518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996). Appellant would have us interpret "readily mobile" as equivalent to exigent circumstances above and beyond mere probable cause. Taken by itself, the quoted language could lead one to believe that something more than probable cause is required to search a vehicle without a warrant. But this is simply a misreading of this case, as well as a misreading of the current state of the law.

*Labron* involved the consolidation of two cases where the Pennsylvania Supreme Court had invalidated automobile searches that were based on probable cause because there were no additional exigent circumstances present. *Id.* at 939–40, 116 S.Ct. at 2486–87. The United States Supreme Court concluded that "[t]his was incorrect," and went on to state that:

> Our first cases establishing the automobile exception to the Fourth Amendment's warrant requirement were based on the automobile's "ready mobility," an exigency sufficient to excuse failure to obtain a search warrant once probable cause to conduct the search is clear. More recent cases provide a further justification: the individual's reduced ex-

pectation of privacy in an automobile, owing to its pervasive regulation. * * * As the state courts found, there was probable cause in both of these cases: * * * We conclude the searches of the automobiles in these cases did not violate the Fourth Amendment.

*Id.* at 940, 116 S.Ct. at 2487 (citations omitted). Thus, *Labron* validated automobile searches based on probable cause, without requiring separate exigency requirements.

▆▆▆ The second case, *Maryland v. Dyson,* is equally unhelpful to appellant. After quoting *Labron,* the Supreme Court in *Dyson* noted:

In this case, the Court of Special Appeals found that there was "abundant probable cause" that the car contained contraband. *This finding alone satisfies the automobile exception to the Fourth Amendment's warrant requirement * * *.*

527 U.S. at 467, 119 S.Ct. at 2014 (emphasis added). Based on the language of these two cases, the automobile exception to the Fourth Amendment's warrant requirement "does not have a separate exigency requirement." *Id.*

### DECISION

The district court properly denied appellant's motion to suppress evidence obtained from the trunk of her automobile.

**Affirmed.**