*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1346**

State of Minnesota,
Appellant,

vs.

Adam Alvarado,
Respondent

**Filed April 13, 2015
Reversed and remanded
Worke, Judge**

Kandiyohi County District Court
File No. 34-CR-14-94

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Shane D. Baker, Kandiyohi County Attorney, Stephen J. Wentzell, Assistant County Attorney, Willmar, Minnesota (for appellant)

John D. Ellenbecker, St. Cloud, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Peterson, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**WORKE**, Judge

In this pretrial appeal, the state argues that the district court erred by suppressing methamphetamine found in a search of respondent's vehicle seven days after it was

towed to a secure impound lot. Because the search was lawful under the automobile exception to the warrant requirement, we reverse.

## FACTS

On October 30, 2013, law enforcement conducted a traffic stop of a truck in Willmar after an officer noticed suspicious activity. The officer ran a registration check on the truck and discovered that its registered owner, A.E., had a revoked license. He recalled that A.E. had recently been stopped while possessing drugs and guns. After conducting the stop, the officer saw air fresheners "shoved into the vents on the [truck's] dash" and a baggie on the floor that "appeared to contain a white crystal type residue."

The driver, respondent Adam Alvarado, admitted that the residue was possibly methamphetamine and that there was possibly half an ounce of marijuana in a suitcase. Alvarado was arrested and three fentanyl patches, which Alvarado claimed were his father's prescription medication, were found in his pocket. Law enforcement searched the truck and seized the baggie, which tested positive for methamphetamine residue, and 28.82 grams of marijuana. The truck was then towed to the city impound lot.

Alvarado admitted that the marijuana was his. He was charged with fifth-degree possession of marijuana, *see* Minn. Stat. § 152.025, subd. 2(a)(1) (2012), fifth-degree possession of a controlled substance, *see id.*, and misdemeanor possession of over 1.4 grams of marijuana in a motor vehicle, *see* Minn. Stat. § 152.027, subd. 3 (2012).

One week later, the arresting officer was reviewing his report with another agent and "thought there was more to [the truck]." Law enforcement conducted a more thorough search of the truck, which was still located in the locked-and-secure impound

lot. Officers found a baggie under the driver's seat containing 17.49 grams of methamphetamine. There was a ledge underneath the driver's seat where the methamphetamine could have been stored, and it likely fell off the ledge when the front of the vehicle was raised for towing.

The officer re-interviewed Alvarado two months later. Alvarado claimed that he had purchased the truck a month or two prior to the traffic stop, but eventually admitted that the methamphetamine was his. He was charged with second-degree possession of a controlled substance. *See* Minn. Stat. § 152.022, subd. 2(a)(1) (2012).

Alvarado moved to suppress all the evidence stemming from the traffic stop. The district court's omnibus order suppressed only the methamphetamine found during the second search on the grounds that there was no applicable exception to the warrant requirement for the second search. The district court did not consider the automobile exception, however.[1]

This state pretrial appeal followed. The state argues only that the automobile exception applied to the second search, and that therefore the methamphetamine should not have been suppressed.

---

[1] The district court correctly concluded that the second search did not fall under the inventory exception to the warrant requirement because there was no evidence it was performed according to standard inventory procedures, and the investigating officer testified that he performed the second search solely for investigative purposes. *See State v. Holmes*, 569 N.W.2d 181, 187 (Minn. 1997) (requiring that inventory searches must be performed in accordance with standard procedures and at least in part to obtain an inventory).

**D E C I S I O N**

When the state appeals a pretrial suppression order, it first "must clearly and unequivocally show both that the [district] court's order will have a critical impact on the state's ability to prosecute the defendant successfully and that the order constituted error." *State v. Scott*, 584 N.W.2d 412, 416 (Minn. 1998) (quotations omitted). Dismissal of even one charge constitutes critical impact. *State v. Poupard*, 471 N.W.2d 686, 689 (Minn. App. 1991). The required critical impact is easily met here because the methamphetamine was the sole evidence of the second-degree possession charge and its suppression resulted in that charge's dismissal.

The state argues that under the automobile exception the methamphetamine should not have been suppressed. We independently review facts to determine whether the district court erred as a matter of law in suppressing evidence. *State v. Harris*, 590 N.W.2d. 90, 98 (Minn. 1999). We review the district court's factual findings under a clearly erroneous standard and its legal determinations de novo. *State v. Gauster*, 752 N.W.2d 496, 502 (Minn. 2008).

Both the United States and Minnesota Constitutions protect against unreasonable searches. U.S. Const. amend. IV; Minn. Const. art I, § 10. Warrantless searches are presumptively unreasonable. *Gauster*, 752 N.W.2d at 502. But there are well-defined exceptions to the warrant requirement. *Id.* The state bears the burden of showing that a warrantless search fell under an exception. *State v. Ture*, 632 N.W.2d 621, 627 (Minn. 2001).

4

The automobile exception allows the warrantless search of a vehicle if there is probable cause to believe the vehicle contains evidence of a crime. *Carroll v. United States,* 267 U.S. 132, 149, 45 S. Ct. 280, 283-84 (1925); *State v. Pederson-Maxwell*, 619 N.W.2d 777, 780 (Minn. App. 2000). The reasoning behind the automobile exception is twofold: automobiles are readily mobile, and people have a reduced expectation of privacy in vehicles. *California v. Carney*, 471 U.S. 386, 391, 105 S. Ct. 2066, 2069 (1985). We review de novo whether there was probable cause in a warrantless search. *In re Welfare of G.M.*, 560 N.W.2d 687, 695 (Minn. 1997). "The probable-cause standard is an objective one that considers the totality of the circumstances." *State v. Olson*, 634 N.W.2d 224, 228 (Minn. App. 2001), *review denied* (Minn. Dec. 11, 2001). Probable cause to search an automobile exists where "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Wiley*, 366 N.W.2d 265, 268 (Minn. 1985) (quotation omitted). "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." *Maryland v. Dyson*, 527 U.S. 465, 467, 119 S. Ct. 2013, 2014 (1999) (quotation omitted). "[T]he 'automobile exception' has no separate exigency requirement." *Id.* at 466, 119 S. Ct. at 2014.

"The scope of a warrantless search of an automobile . . . is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *United States v. Ross,* 456 U.S. 798, 824, 102 S. Ct. 2157, 2172 (1982). Probable cause to search for drugs "justifies a search of every part of the vehicle and its contents." *State v. Bigelow*, 451 N.W.2d 311, 312 (Minn. 1990).

5

When probable cause exists, the vehicle may be searched at the scene or at the station house. *Chambers v. Maroney*, 399 U.S. 42, 52, 90 S. Ct. 1975, 1981 (1970). "[T]he justification to conduct . . . a warrantless search does not vanish once the car has been immobilized." *Michigan v. Thomas*, 458 U.S. 259, 261, 102 S. Ct. 3079, 3080-81 (1982).

The state did not clearly articulate to the district court that the automobile exception applied here, thus the district court suppressed the methamphetamine without considering the automobile exception. As a reviewing court, we must carefully review the record on appeal to determine whether the automobile exception was properly preserved. We conclude that the state sufficiently developed the factual record and preserved the issue by arguing that the delay before the second search was irrelevant.

We next conclude that probable cause existed for the second search based on the totality of the circumstances, including the officer's initial observations of the baggie containing methamphetamine residue in plain sight, the marijuana found in the first search, and Alvarado's admissions. Although the second search was conducted seven days after impound, because the truck was secured in a locked impound lot there are no facts to suggest that probable cause diminished during the delay. *See State v. Jannetta*, 355 N.W.2d 189, 193-94 (Minn. App. 1984) (holding that probable cause to search cannot be established by stale information and that one staleness factor to consider is "whether the property sought is easily disposable or transferable"), *review denied* (Minn. Jan. 14, 1985).

6

While the officers likely could have obtained a warrant for the second search, "[t]he relevant test *is not the reasonableness of the opportunity to procure a warrant,* but the reasonableness of the [search] under all the circumstances." *South Dakota v. Opperman,* 428 U.S. 364, 373, 96 S. Ct. 3092, 3099 (1976) (quotation omitted). A search is reasonable if it is based on objective facts that would justify the issuance of a warrant, even if a warrant is not obtained. *Ross*, 456 U.S. at 809, 102 S. Ct. at 2164-65. Although Minnesota courts have not directly considered a warrantless search that occurs days after impoundment without fresh probable cause, several other courts have concluded that warrantless searches in similar cases were lawful. *See, e.g., North Dakota v. Dudley*, 779 N.W.2d 369, 370-72 (N.D. 2010) (holding that where there was probable cause for an initial search, the second warrantless search of an impounded vehicle several days after impoundment was lawful where the search was delayed because the officer was off work for a couple days); *United States v. Noster*, 590 F.3d 624, 634 (9th Cir. 2009) (holding that a second search, after the initial inventory search uncovered evidence of criminal activity, was reasonable under the circumstances even though it occurred eight days after the inventory search); *United States v. Gastiaburo*, 16 F.3d 582, 587 (4th Cir. 1994) ("[T]he passage of time between the seizure and the search of [the] car is legally irrelevant.").

Because there was probable cause to search Alvarado's truck, the second warrantless search of the truck was lawful under the automobile exception to the warrant requirement.

**Reversed and remanded.**