*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-0152**

State of Minnesota,
Respondent,

vs.

Faron Wayne Ruel,
Appellant.

**Filed February 1, 2016**
**Affirmed**
**Klaphake, Judge**[*]

Polk County District Court
File No. 60-CR-12-2741

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Greg Widseth, Polk County Attorney, Scott A. Buhler, Assistant County Attorney, Crookston, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Johnson, Presiding Judge; Connolly, Judge; and Klaphake, Judge.

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant challenges his conviction of aiding and abetting third-degree criminal sexual conduct, arguing that the district court committed reversible error by ruling that if he testified, he could be impeached with prior convictions of second-degree controlled-substance crime and criminal vehicular operation. He also argues that the district court constructively amended the complaint by instructing the jury that it must find that the complainant was "physically helpless" rather than "mentally incapacitated," as originally charged, and he raises additional issues pro se. Because the district court did not abuse its discretion in its ruling on impeachment evidence, the complaint was not constructively amended, and appellant's pro se arguments do not merit relief, we affirm.

### DECISION

### I

Ruel challenges the district court's ruling that his prior convictions of second-degree controlled-substance crime and criminal vehicular operation would be admissible as impeachment evidence, should he decide to testify. This court reviews the district court's ruling on impeachment by prior conviction for a clear abuse of discretion. *State v. Ihnot*, 575 N.W.2d 581, 584 (Minn. 1998).

Under certain circumstances, the state may introduce evidence of prior criminal convictions "[f]or the purpose of attacking the credibility of a witness." Minn. R. Evid. 609(a). Evidence of a prior crime that does not involve dishonesty is admissible as

impeachment only if the crime was a felony, is not stale, and the probative value of the evidence outweighs its prejudicial effect. Minn. R. Evid. 609(a), (b). To determine whether the probative value of Ruel's prior convictions for impeachment purposes outweighed their prejudicial effect, the district court applied a five-factor test, which requires the district court to consider:

> (1) the impeachment value of the prior crime, (2) the date of the conviction and the defendant's subsequent history, (3) the similarity of the past crime with the charged crime (the greater the similarity, the greater the reason for not permitting use of the prior crime to impeach), (4) the importance of defendant's testimony, and (5) the centrality of the credibility issue.

*State v. Jones*, 271 N.W.2d 534, 538 (Minn. 1978). The district court concluded that four of the five *Jones* factors supported admission of the impeachment evidence and that the other factor—the importance of the defendant's testimony—was neutral.

We conclude that the district court did not abuse its discretion by ruling this evidence admissible. Although Ruel's prior felony convictions do not involve dishonesty, they are not stale because they occurred in 2003, fewer than ten years before the current crime. *See* Minn. R. Evid. 609(b). Under current law, the convictions have probative value, enabling the jury to see the defendant as a "whole person" and better judge his credibility. *State v. Hill*, 801 N.W.2d 646, 651-52 (Minn. 2011). Generally, the more similar the prior conviction to the charged offense, the greater the danger that the jury will use the evidence for substantive, rather than impeachment, purposes. *State v. Lloyd*, 345 N.W.2d 240, 247 (Minn. 1984). But neither of Ruel's prior convictions is similar to the charged offense.

3

"A defendant has a constitutional right to present his version of events to a jury." *State v. Zornes*, 831 N.W.2d 609, 628 (Minn. 2013). A district court might exclude evidence of a conviction, even if relevant, if it determines that its admission for impeachment would cause the defendant not to testify, and it is more important that the jury hear the defendant's version of events. *State v. Bettin*, 295 N.W.2d 542, 546 (Minn. 1980). Although Ruel elected not to testify, the jury heard his version of events through the testimony of a police investigator, to whom he denied having sex with the complainant, and a recorded phone call, in which he told the complainant that nothing had happened while she was unconscious. If a defendant's credibility is the central issue in the case, a greater case can be made for admitting impeachment evidence of prior convictions because there is a greater need for the evidence. *Id*. Here, Ruel's credibility was a central issue because the state presented evidence that he denied his involvement in the sexual assault, while an accomplice testified and implicated Ruel as a participant.

Ruel argues that the erroneous admission of his prior felony convictions unfairly chilled his constitutional right to testify in his own defense. But to prevail on this argument, he must show that the district court abused its discretion by ruling that the probative value of the impeachment evidence outweighed its prejudicial effect. *State v. Gassler*, 505 N.W.2d 62, 68 (Minn. 1993). Because we conclude that the district court properly applied the *Jones* factors and did not abuse its discretion in admitting the prior-convictions evidence, we do not separately address this argument.

4

## II

The district court may amend a complaint at any time before verdict "if no additional or different offense is charged and if the defendant's substantial rights are not prejudiced." Minn. R. Crim. P. 17.05. Rule 17.05 "is intended to protect against confusing the jury, violating due process notions of timely notice, and adversely affecting the trial tactics of the defense." *State v. Guerra*, 562 N.W.2d 10, 13 (Minn. App. 1997) (quotation omitted). If the record shows that a defendant is confronted with an additional or a different charge after trial has begun, that charge amounts to a constructive amendment of the complaint, and the requirements of Minn. R. Crim. P. 17.05 must be met. *Id.*

"A 'different offense' is charged if an amendment affects an 'essential element' of the charged offense." *Id.* In *Guerra*, this court held that a complaint was constructively amended during trial when the state alleged possession of a different type of stolen guns, on a different date, and found in a different place, than alleged in the original complaint. *Id.*; *cf. Gerdes v. State*, 319 N.W.2d 710, 712 (Minn. 1982) (approving amendment of the complaint during trial when it changed only the date of possession of a firearm, which did not change any essential element of the offense).

A person commits third-degree criminal sexual conduct if the actor engages in sexual penetration with another person and "knows or has reason to know that the complainant is mentally impaired, mentally incapacitated, or physically helpless." Minn. Stat. § 609.344, subd. 1(d) (2012). Ruel argues that the district court erred by constructively amending the complaint to allege a different offense when it instructed the jury using the "physically helpless" portion of the statute rather than the "mentally

5

incapacitated" portion, which was originally charged. *Compare* Minn. Stat. § 609.341, subd. 7 (2012) (stating that "'[m]entally incapacitated' means that a person under the influence of alcohol, a narcotic, anesthetic, or any other substance, administered to that person without the person's agreement, lacks the judgment to give a reasoned consent to sexual contact or sexual penetration") *with id.*, subd. 9 (2012) (stating that "'[p]hysically helpless' means that a person is (a) asleep or not conscious, (b) unable to withhold consent or to withdraw consent because of a physical condition, or (c) unable to communicate nonconsent and the condition is known or reasonably should have been known to the actor").

We disagree. The relevant statute provides three alternative ways that a defendant can commit third degree criminal sexual conduct in violation of Minn. Stat. § 609.344, subd. 1(d).

Addressing a complainant's status as either physically helpless or mentally incapacitated may frequently involve consideration of the same evidence. *See State v. Berrios*, 788 N.W.2d 135, 142 (Minn. App. 2010) (holding that the evidence was sufficient to sustain a conviction of third-degree criminal sexual conduct based on physical helplessness when the victim was extremely intoxicated and had intermittent periods of consciousness) *review denied* (Minn. Nov. 16, 2010); *see also State v. Taylor*, 365 N.W.2d 368, 368-69 (Minn. App. 1985) (reaching the same result when the complainant woke from sleep to find the defendant engaging in sexual intercourse with her), *review denied* (Minn. June 14, 1985). Here, the complainant testified that she had been taking an excess of prescribed medication, was intoxicated, and did not remember the evening's events.

6

Whether she was "mentally incapacitated" or "physically helpless," the state was required to prove the same conduct by the defendant: sexual penetration of a person whom he knew was unable to give consent. Minn. Stat. § 609.344, subd. 1(d). We therefore conclude that instructing the jury as to the "physically helpless" option did not affect an essential element of the charged offense, and the district court's action did not constructively amend the complaint. *See, e.g., State v. Mesa*, 681 N.W.2d 84, 87-88 (S.D. 2004) (holding that in a criminal-sexual-conduct trial, the court did not constructively amend the complaint by answering a jury question referring to the victim's alcohol impairment as mental incapacity under one statutory subsection, despite a different subsection relating to incapacity due to an intoxicating agent).

We further note that even if a constructive amendment had occurred, Ruel has failed to show that such an amendment prejudiced his substantial rights. *See State v. DeVerney*, 592 N.W.2d 837, 848 (Minn. 1999) (stating that standard). The jury heard Ruel's recorded phone call with the complainant, in which he referred to both her intoxication and her unconscious condition. And defense counsel informed the district court that, had the complaint instead recited the "physically helpless" option, his trial strategy would not have been different.

**III**

In a pro se supplemental brief, Ruel argues that the state failed to provide sufficient additional evidence to corroborate accomplice testimony. *See* Minn. Stat. § 634.04 (2012) (prohibiting convictions based on uncorroborated accomplice testimony). Corroborative

evidence must "affirm the truth of the accomplice's testimony and point to the guilt of the defendant in some substantial degree." *State v. Reed*, 737 N.W.2d 572, 584 (Minn. 2007) (quotation omitted). Here, the state presented sufficient evidence to corroborate the accomplice's testimony, including Ruel's false statements in the recorded phone conversation that no sexual assault occurred, as well as his admitted association with the accomplice before, during, and after the crime.

Ruel argues that use of the recorded phone call violated his *Miranda* rights and his right to counsel. But he failed to raise this issue in a timely motion to suppress evidence. *State v. Pederson–Maxwell,* 619 N.W.2d 777, 780 (Minn. App. 2000). And because he was not in custody or charged with a crime when he made the statement, he was not entitled to a *Miranda* warning and did not have the right to counsel. *See State v. Scruggs*, 822 N.W.2d 631, 637 (Minn. 2012) (stating that "[a] *Miranda* warning is required if a suspect is both in custody and subject to interrogation"); *State v. Willis*, 559 N.W.2d 693, 697 (Minn. 1997) (stating that the right to counsel "attaches when the state initiates adversary judicial proceedings against an accused"). Because Ruel was not compelled to speak during the phone call, his Fifth Amendment right to self-incrimination was not violated. *State v. Borg*, 806 N.W.2d 535, 543 (Minn. 2011).

Ruel also challenges the evidence presented by a Bureau of Criminal Apprehension (BCA) analyst, who testified that 89.2 percent of the population could be excluded from being possible contributors to a DNA mixture present in the complainant's rape-kit perineal swab, but that the accomplice and Ruel could not be excluded. Because Ruel did not object to this evidence at trial, we review his claim under a plain-error standard of review, which

requires him to demonstrate (1) an error, (2) that the error was plain, and (3) that the error affected substantial rights. *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). Ruel argues that the presentation of the DNA evidence prejudiced the jury's consideration of the case. But the supreme court has held that a similar argument concerning "the reliability of evidence of a predominant profile in a mixture of DNA from two or more persons" and the "use of random match probability" failed on its merits. *State v. Hannon*, 703 N.W.2d 498, 508-09 (Minn. 2005). Ruel also maintains that because the sperm-cell fraction of the rape-kit vaginal swab showed a matching profile to the accomplice's DNA, but not his own, the DNA evidence improperly led the jury to implicate him in the crime. But no plain error occurred, and there is no reasonable likelihood that the evidence had a significant effect on the jury's verdict because Ruel was convicted of aiding and abetting third degree criminal sexual conduct. *See Griller*, 583 N.W.2d at 741 (stating standard for affecting substantial rights).

Ruel next argues that the prosecution improperly submitted an investigator's testimony based on a recorded statement without introducing the complete statement as evidence. If a party introduces a portion of a recorded statement, "an adverse party may require the introduction at that time of any other part . . . which ought in fairness to be considered. . . ." Minn. R. Evid. 106. But this rule applies only if portions of the actual recording are introduced in evidence, which did not occur here. *See State v. Bauer*, 598 N.W.2d 352, 268 (Minn. 1999). We reject Ruel's unsupported assertion that both the investigator and an officer who interviewed the complainant committed perjury. *See State v. Stufflebean*, 329 N.W.2d 314, 319 (Minn. 1983) (stating that inconsistencies between

testimony of state's witnesses "do not constitute false testimony nor any basis for reversal").  Finally, Ruel has failed to provide factual or legal support for his allegation that the officers were in collusion with the prosecutor, denying him the right to a fair trial.

**Affirmed.**